**STATE of Missouri, Respondent,**

v.

**Ronald R. DAY, Appellant.**

**No. 19494.**

Missouri Court of Appeals,
Southern District,
Division One.

June 15, 1995.

Donald R. Cooley, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

In a bench-tried case, the trial court convicted Appellant Ronald R. Day of trafficking drugs in the second degree in violation of

§ 195.223 [1] and sentenced him to ten years' imprisonment.

On February 5, 1992, Trooper Jack McMullin of the Missouri State Highway Patrol, stopped Appellant's rental car eastbound on Interstate 44 for speeding. Appellant was the sole occupant of the car. Trooper McMullin told Appellant why he stopped the car and asked him for his driver's license and the car's paperwork. The car was rented under the name of Richard Awad.

Trooper McMullin noticed that Appellant's hands were trembling and that he appeared to be nervous. Trooper McMullin told Appellant to sit inside his patrol car with him while he examined the car papers and ran radio checks on Appellant's driver's license and on the car. While Trooper McMullin waited for the radio response, he talked with Appellant. Appellant said that he was coming from Phoenix, Arizona, after doing some business. He said that the car was rented by his boss. Appellant could not remember the name of his business contact in Phoenix. Appellant then changed his story and said that he had really been in Phoenix on vacation. After discovering that there were no warrants out for Appellant's arrest, Trooper McMullin gave Appellant back his driver's license and papers and gave him a warning for speeding.

Trooper McMullin then asked Appellant if there were any drugs in the car. Appellant said no. Trooper McMullin asked if he could search the car and Appellant gave him permission to do so. Appellant suggested to Trooper McMullin that he start searching on the right side of the car. Trooper McMullin declined and opened the left rear car door and detected an odor of marijuana. A soft-sided suitcase was located on the left side of the back seat. Trooper McMullin pressed down on the suitcase and felt a hard object. He asked Appellant what was in the suitcase. Appellant answered that it contained karate equipment. Trooper McMullin, who was trained in karate, did not know of any karate equipment that felt hard. He unzipped the suitcase and found a large bundle of what appeared to be marijuana. Trooper McMullin arrested Appellant and took him to high-

---

1. All statutory references are to RSMo 1986 unless otherwise stated.

way patrol headquarters. A search incident to Appellant's arrest revealed that Appellant had a marijuana cigarette in his jacket pocket.

Appellant's sole point on appeal alleges that the trial court erred in overruling his motion to suppress and admitting into evidence marijuana[2] seized pursuant to a warrantless search of Appellant's vehicle and a closed container because the marijuana was illegally seized, in that there was no probable cause to search and Appellant did not give valid consent to search.

■ In reviewing the trial court's denial of a motion to suppress, we do not substitute our discretion for that of the trial court. We determine only whether there was sufficient evidence to support the trial court's ruling. *State v. Burkhardt,* 795 S.W.2d 399, 404 (Mo. banc 1990). The appellate court will reverse only if the trial court's judgment is clearly erroneous. *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo. banc 1990). The weight of the evidence and the credibility of the witnesses are matters for the trial court's determination. *Id.* at 183–84; *State v. Villa–Perez,* 835 S.W.2d 897, 901 (Mo. banc 1992). We consider the facts and reasonable inferences arising therefrom in the light most favorable to the trial court's decision. *State v. Blair,* 691 S.W.2d 259, 260 (Mo. banc 1985).

■ We find there is sufficient evidence to support the trial court's ruling. The initial stop of Appellant's car was justified because he was speeding. § 304.010.2, RSMo Supp. 1992; *Burkhardt,* 795 S.W.2d at 405. After taking Appellant back to the patrol car,[3] Trooper McMullin was authorized to perform a computer check on Appellant's driver's license as part of a routine traffic stop. *State v. Riddle,* 843 S.W.2d 385, 387 (Mo.App. 1992).

■ Trooper McMullin testified that Appellant's hands were trembling and that he appeared to be nervous. Suspicious conduct and movements can be considered among the various factors pointing toward probable cause. *See Burkhardt,* 795 S.W.2d at 405. Appellant was driving on Interstate 44 which is known as a notorious route used by drug traffickers bringing controlled substances into this state. *Id.* Appellant was driving a rental car on a long trip which is a practice often followed by drug couriers. *Id.* Appellant gave inconsistent stories about the purpose of his trip to Phoenix. Factors almost identical to those seen here were sufficient for the court in *Burkhardt* to find the existence of probable cause for the search of an automobile. Therefore, we find that the circumstances in this case gave Trooper McMullin probable cause to search the car as well as the suitcase.

■ Probable cause may arise when the facts and circumstances within the knowledge of the seizing officer are sufficient in themselves to produce in a person of reasonable caution a belief that the contents of the automobile offend the law. *Burkhardt,* 795 S.W.2d at 404. A warrantless search of an automobile may include a search of a container or package found inside the automobile when such a search is supported by probable cause. *State v. Childress,* 828 S.W.2d 935, 943 (Mo.App.1992). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Id.*

■ Even if the above factors did not rise to the level of probable cause, we find that Appellant gave voluntary consent to Trooper McMullin to search the car. Appellant argues that once the trooper gave him a warning for speeding and returned his driver's license and rental car papers, the pur-

---

**2.** We note that no marijuana was actually admitted into evidence at Appellant's trial. The parties stipulated that the testimony of Charles Durham, a forensic chemist with the Missouri State Highway Patrol Criminal Laboratory, would be that the substance analyzed by him and found in Appellant's car was in excess of 100 kilograms of marijuana. The parties also stipulated to the chain of custody of the marijuana.

**3.** Appellant argues that "[p]robable cause [was] totally lacking to custodially confine and detain [Appellant] in the patrol car." Appellant did not raise this issue in his point relied on. An appellate court will not consider on appeal issues in the argument portion of the brief if they are not included in the point relied on. *State v. Richards,* 795 S.W.2d 428, 434 (Mo.App.1990).

pose for the traffic stop was accomplished and his continued detention constituted a Fourth Amendment violation.

Trooper McMullin testified that his request to search the car was made immediately after he returned Appellant's license and papers. Appellant's consent to search occurred during the time reasonably necessary to carry out the purposes of the traffic stop. *See State v. Hyland,* 840 S.W.2d 219, 221 (Mo. banc 1992). An officer may, at any time, ask a citizen if he has contraband in his car and ask for permission to search. *State v. Petrone,* 836 S.W.2d 484, 489 (Mo. App.1992). A consensual search following such traffic stop is not prohibited by the Fourth and Fourteenth Amendments if the consent is given freely and voluntarily. *Id.* To be voluntary, a consent to a warrantless search cannot be induced by fraud, duress, or coercion. *State v. Morr,* 811 S.W.2d 794, 799 (Mo.App.1991). The record reflects no evidence of fraud, duress, or coercion. We find that Appellant's consent to search the car was voluntary. Appellant's point has no merit. The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.

